```
 1  TRACY L. WILKISON
    Acting United States Attorney
 2  BRANDON D. FOX
    Assistant United States Attorney
 3  Chief, Criminal Division
    CHRISTOPHER C. KENDALL (Cal. Bar No. 274365)
 4  Assistant United States Attorney
    Deputy Chief, International Narcotics,
 5    Money Laundering, and Racketeering Section
    SKYLER F. CHO (Cal. Bar No. 285299)
 6  Assistant United States Attorney
    International Narcotics,
 7    Money Laundering, and Racketeering Section
         1400 United States Courthouse
 8       312 North Spring Street
         Los Angeles, California 90012
 9       Telephone: (213) 894-2576/2475
         Facsimile: (213) 894-0142
10       E-mail:    christopher.kendall@usdoj.gov
                    skyler.cho@usdoj.gov
11
    Attorneys for Plaintiff
12  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00362-AB-27 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT YANG QIANG TAN |
| v. | |
| YANG QIANG TAN, | Hearing Date: 04/30/2021<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Honorable André Birotte Jr. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Christopher C. Kendall and Skyler F. Cho, hereby files its sentencing position relating to defendant YANG QIANG TAN ("defendant").

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records

in this case, the plea agreement, and any other evidence or argument that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: April 9, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*/s/ Skyler F. Cho*
SKYLER F. CHO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Yang Qiang Tan ("defendant") conspired with others to launder cash that defendant knew involved the proceeds of drug trafficking.  Based on this conduct, defendant has pleaded guilty to Count Seven of the indictment in this matter, which charged defendant with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h).

The United States Probation and Pretrial Services Office (the "Probation Office") has filed a Presentence Investigation Report ("PSR") in this matter, finding that: (1) defendant's base offense level is 22; (2) he is subject to a six-level enhancement because defendant knew or believed that laundered funds were the proceeds of the distribution of a controlled substance; and (3) he is subject to a two-level enhancement because he was convicted under was convicted under 18 U.S.C. § 1956.  (PSR ¶¶ 34-38.)  The Probation Office adjusted the offense level three levels downward based on defendant's acceptance of responsibility.  (Id. ¶ 46.)  Accordingly, the Probation Office calculated defendant's total offense level to be 27.  (Id. ¶ 47.)  The Probation Office also calculated defendant's criminal history score to be zero, placing defendant in criminal history category I.  (Id. ¶ 52.)  The Probation Office determined that the total offense level and defendant's criminal history results in a United States Sentencing Guidelines ("Guidelines") range of 70 to 87 months' imprisonment.  (Id. ¶ 79.)  In its disclosed recommendation letter, the Probation Office recommended that the Court sentence defendant to 70 months' imprisonment, a two-year period of supervised release, and a special assessment of $100.  (ECF

No. 187 at 1).

The government concurs with the Probation Office's calculation of defendant's criminal history category of I and a total offense level of 27.  Consistent with the plea agreement, the government recommends that the Court impose a low end Guidelines sentence of 70 months' imprisonment.  The government also recommends that the Court impose a two-year period of supervised release and a $100 special assessment.

**II.  STATEMENT OF FACTS**

Beginning on a date unknown and continuing to on or about June 19, 2019, defendant conspired with others to launder cash that defendant knew involved the proceeds of drug trafficking.  In furtherance of this conspiracy, on March 9, 2017, in Chicago, Illinois, two co-conspirators hand-delivered defendant United States currency.  On the same day, law enforcement seized approximately $636,316 of drug proceeds, which defendant had concealed in his home.  Defendant was to be paid approximately $1,000 to collect the drug proceeds and then deliver the drug proceeds to another individual for its eventual covert transportation into Mexico.

**III. THE PRESENTENCE INVESTIGATION REPORT**

The Probation Office calculated defendant's offense level to be 27.  (PSR ¶ 47.)  Specifically, the PSR applied the following Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 22 | U.S.S.G. §§ 2S1.1(a)(2), 2B1.1(b)(1)(H) |
| Defendant knew or believed that any of the laundered | +6 | U.S.S.G. § 2S1.1(b)(1) |

| | | |
|---|---|---|
| funds were the proceeds of the distribution of a controlled substance | | |
| Convicted Under 18 U.S.C. § 1956 | +2 | U.S.S.G. § 2S1.1(b)(2)(B) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1 |
| Total Offense Level | 27 | |

(Id. ¶¶ 34-43.) The Probation Office calculated defendant's criminal history category to be I, based on zero criminal history points. (Id. ¶ 52.) The Probation Office determined that the total offense level and defendant's criminal history results in a Guidelines range of 70 to 87 months' imprisonment. (Id. ¶ 79.) In its disclosed recommendation letter, the Probation Office recommended that the Court sentence defendant to 70 months' imprisonment, a two-year period of supervised release, and a special assessment of $100. (ECF No. 187 at 1).

The government concurs with the Probation Office's calculation of defendant's criminal history category of I and a total offense level of 27. The government defers to the Probation Office with respect to its determination regarding defendant's ability to pay a fine.

**IV. THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government recommends that Court impose a low-end Guidelines sentence of 70 months' imprisonment, a two-year period of supervised release, and a $100 special assessment. This sentence is sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

3

### A.  18 U.S.C. § 3553(a)(1)

Under 18 U.S.C. § 3553(a)(1), the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence.

As to the nature and circumstances of the offense, the sentence recommended by the government reflects the seriousness of defendant's crime. Defendant conspired with others to launder cash that defendant knew involved the proceeds of drug trafficking.

The sentence recommended by the government also reflects defendant's history and characteristics. In particular, defendant has no criminal history points.

### B.  18 U.S.C. § 3553(a)(2)

Under 18 U.S.C. § 3553(a)(2), the Court must consider "the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

A low-end Guidelines sentence of 70 months' imprisonment provides just punishment, that is sufficient and not greater than necessary, and affords adequate deterrence to future criminal conduct by defendant.

### C.  18 U.S.C. § 3553(a)(3)-(7)

Under 18 U.S.C. § 3553(a)(3)-(7), the Court must consider "the kinds of sentences available," "the kinds of sentence and the sentencing range established," "any pertinent policy statement," and

4

"the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." One way to avoid unwarranted disparities is to impose a Guidelines sentence. See United States v. Treadwell, 593 F.3d 990, 1013 (9th Cir. 2010) ("[The district court] correctly calculated and adhered to the appropriate Guidelines range, which in itself serves the purpose of avoiding sentencing disparities."). In sum, all of the statutory objectives in 18 U.S.C. § 3553(a) are served by the government's recommended sentence of 70 months' imprisonment, at the low-end of the Guidelines, and a two-year period of supervised release.

**V.   CONCLUSION**

Based on the foregoing, the government recommends a low-end Guidelines sentence of 70 months' imprisonment; a two-year period of supervised release; and a special assessment of $100.